,

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOLPHUS NEWELL,<br><br>         Plaintiff,<br><br>    vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>         Defendant.<br>_____/ | CASE NO. CV-F-04-5678 LJO<br><br>**ORDER TO DISMISS ACTION FOR FAILURE TO FILE AND SERVE BRIEF AND TO COMPLY WITH COURT ORDERS** |

Plaintiff Adolphus Newell ("plaintiff") proceeds pro se and in forma pauperis in this action seeking judicial review of an administrative decision denying plaintiff's claim for benefits under the Social Security Act.

This Court issued its June 25, 2004 First Informational Order to explain to plaintiff the process to serve and file papers and to admonish plaintiff that "**[f]ailure to comply with the Local Rules, federal rules or a court order, including this order, will be grounds for dismissal or other appropriate sanctions.**" (Bold in original.)

This Court issued its July 29, 2004 Informational Order Regarding Plaintiff's Papers ("informational order") to explain to plaintiff the need to file with this Court and to serve on the U.S. Attorney plaintiff's opening brief within 30 days after the U.S. Attorney's confidential letter brief. The U.S. Attorney represents defendant Jo Anne B. Barnhart, Commissioner of Social Security ("Commissioner"), and informed this Court that the U.S. Attorney served the Commissioner's

1  confidential letter brief on January 27, 2005. The informational order explained to plaintiff that failure
2  to comply with this Court's orders, including the informational order, "**will be grounds to dismiss this**
3  **action or other appropriate sanctions.**"  (Bold in original.)

4      This Court issued its April 5, 2005 order to require plaintiff, no later than April 27, 2005, to show
5  cause in writing why sanctions, including dismissal of this action, should not be imposed for plaintiff's
6  failure to file and serve his opening brief and to comply with the informational order.  The order to show
7  cause admonished plaintiff "**that failure to timely comply with this order will result in dismissal of**
8  **this action.**"  (Bold in original.)

9      Plaintiff has neither filed and served his opening brief nor responded to the order to show cause.

10  **DISCUSSION**

11      This Court's Local Rule 11-110 provides that ". . . failure of counsel or of a party to comply with
12  these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any
13  and all sanctions . . . within the inherent power of the Court." District courts have inherent power to
14  control their dockets and "in the exercise of that power, they may impose sanctions including, where
15  appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).
16  A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local
17  rules.  *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with
18  local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply
19  with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.
20  1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised
21  of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
22  comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack
23  of prosecution and failure to comply with local rules).

24      In determining whether to dismiss an action for failure to obey a court order, a court must
25  consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's
26  need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring
27  disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782
28  F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261;

1 *Ghazali*, 46 F.3d at 53.

2       In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal as plaintiff has not advanced this action by his failure to file and serve an opening brief and to respond to this Court's orders.  The third factor – risk of prejudice to defendant – also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey an order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424.  The First Informational Order admonished plaintiff that "**[f]ailure to comply with the Local Rules, federal rules or a court order, including this order, will be grounds for dismissal or other appropriate sanctions.**"  (Bold in original.)  The informational order explained to plaintiff that failure to comply with this Court's orders, including the informational order, "**will be grounds to dismiss this action or other appropriate sanctions.**"  (Bold in original.)  The order to show cause admonished plaintiff "**that failure to timely comply with this order will result in dismissal of this action.**"  (Bold in original.)  Plaintiff received more than adequate warning that dismissal would result from failure to pursue this action and to comply with this Court's orders.

### **CONCLUSION AND ORDER**

Accordingly, this Court DISMISSES this action without prejudice pursuant to Local Rule 11-110 for plaintiff's failure to file and serve an opening brief and to comply with this Court's orders.  This Court DIRECTS the Court's clerk to enter judgment in conformance with this order and in favor of defendant Jo Anne B. Barnhart, Commissioner of Social Security, and against plaintiff Adolphus Newell and to close this action.

IT IS SO ORDERED.

**Dated:   April 29, 2005**                          **/s/ Lawrence J. O'Neill**
66h44d                                       UNITED STATES MAGISTRATE JUDGE